# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GWENDOLYN ALOWOLODU,**

    **Plaintiff,**

v.                                  Case No.: 8:21-cv-1794-TPB-AAS

**BOB DEGROOT and CHAMPION
NATIONAL SECURITY, INC.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jennifer Alowolodu requests to proceed *in forma pauperis*. (Doc. 2). It is **RECOMMENDED** that Ms. Alowolodu's motion be **DENIED**, and this action be dismissed.

## I.   BACKGROUND

On July 23, 2021, Ms. Alowolodu requested to proceed *in forma pauperis* and filed a complaint against Champion National Security, Inc. (Champion) and one of Champion's hiring managers, Bob Degroot. (Docs. 1, 2). The court took Ms. Alowolodu's motion to proceed *in forma pauperis* under advisement and directed Ms. Alowoloduu to file by August 30, 2021, an amended complaint properly alleging federal jurisdiction and a plausible claim for relief. (Doc. 3). The court warned Ms. Alowolodu the failure to do so would result in a recommendation of denial of the motion to proceed *in forma pauperis* and

1

dismissal of this action. (*Id.* at 4). Ms. Alowolodu did not file an amended complaint by August 30, 2021.

## II.   LEGAL STANDARD

After determining the economic status of the litigant, the court must review the case and dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

If a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories lack merit, the court may conclude a case has little or no chance of success and dismiss before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). While the court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d

835, 837 (11th Cir. 1989).

## III.   DISCUSSION

Ms. Alowolodu alleges federal question jurisdiction regarding claims of "irregular operations" by Defendants United Airlines and Star Alliance Service-World Headquarters. (Doc. 1, p. 4).

Ms. Alowolodu's complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a claim. Federal Rule of Civil Procedure 8 establishes "[t]he bare minimum a plaintiff must set forth in the complaint." *Hunter v. Woods*, 2017 WL 6610889, at *1 (M.D. Fla. Nov. 3, 2017). It requires that a complaint contain both "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Rule 10 requires that the complaint "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence ... be stated in a separate count." Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Further, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). "Subject-matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010). For federal question jurisdiction, federal district courts have jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The essential elements of diversity jurisdiction are diverse residence of all parties and an amount-in-controversy over $75,000. 28 U.S.C. § 1332.

Ms. Alowolodu's complaint does not meet these threshold pleading requirements. Although Ms. Alowolodu supplies a copy of an EEOC charge she filed against Champion, and the EEOC charge references unlawful discrimination under both Title VII and the Florida Civil Rights Act, Ms. Alowolodu does not identify any legal causes of action in the numbered paragraphs of her complaint. Ms. Alowolodu cites no federal statute, regulation, or constitutional basis for her complaint, and does not allege damages sufficient to satisfy diversity jurisdiction. As currently drafted, nothing in Ms. Alowoloduu's complaint states cognizable grounds for federal jurisdiction or a valid cause of action. (Doc. 1).

4

## IV. CONCLUSION

Ms. Alowoloduu fails to state a claim for relief that is "plausible on its face." *See Ashcroft*, 556 U.S. at 678 (2009). Accordingly, it is **RECOMMENDED**:

1. The Motion to Proceed *in Forma Pauperis* (Doc. 2) be **DENIED**.

2. Ms. Alowoloduu's complaint (Doc. 1) be **DISMISSED,** and the Clerk be directed to **CLOSE** this case.

**ENTERED** in Tampa, Florida on September 1, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Gwendolyn Alowolodu
6702 Camden By Drive, #205
Tampa, FL 33635